| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | **UNITED STATES DISTRICT COURT** |
| 9 | **CENTRAL DISTRICT OF CALIFORNIA** |
| 10 | **SOUTHERN DIVISION** |

| | | |
|---|---|---|
| 11 | SECURITIES AND EXCHANGE COMMISSION, | **Case No. 8:19-cv-499-JVS-KES** |
| 12 | | |
| 13 | Plaintiff, | **PRELIMINARY INJUNCTION AND ORDERS:** |
| 14 | vs. | **(1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) REQUIRING DEFENDANTS TO SURRENDER PASSPORTS; AND (4) REQUIRING ACCOUNTINGS AS TO DEFENDANT DAVID LEE PARRISH** |
| 15 | KENT R.E. WHITNEY, DAVID LEE PARRISH, THE CHURCH FOR THE HEALTHY SELF A/K/A CHS TRUST, AND CHS ASSET MANAGEMENT INC., | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |

1

This matter is before the Court on the Plaintiff Securities and Exchange Commission's ("SEC") Application for a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Defendant to Surrender Passport; and (4) Requiring Accounting ("Motion") by as to Defendant David Lee Parrish ("Parrish" or "Defendant").

The Court, having previously issued: a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Defendants to Surrender Passports; and (5) Requiring Accountings ("TRO") that, among other things, ordered all Defendants in this matter to show cause why a preliminary injunction should not be granted; and an Order Appointing Receiver ("Receiver Order"), and having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, as well as all other materials on file in this matter, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), by evidence establishing a *prima facie* case and reasonable likelihood that the Defendant has engaged in, are engaging in, is about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),

and Rule 10b-5 thereunder.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendant will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action.

E. There is good cause to believe that the Defendant does not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

F. Good cause exists to believe that an accounting of assets is necessary to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

G. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendant may alter or destroy documents relevant to this action.

H. There is good cause to believe that Parrish may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein.

## I.

IT IS HEREBY ORDERED that the SEC's Motion is GRANTED.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Parrish is preliminarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;
(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Parrish is preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;
(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

## IV.

## Asset Freeze

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant Parrish be and hereby is preliminarily restrained and enjoined, pending the completion of trial in this action, from, directly or indirectly, making any payment or expenditure of funds (including charges or cash advances on any debit or credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating or concealing any assets, monies, or other property owned by or in the actual or constructive possession of any of the Defendants in this action, pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this Court.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, credit union,

financial institution, brokerage firm, third-payment payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, held in the name of, for the benefit of, or over which account authority is held by Defendant, including but not limited to the accounts listed below:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| Acorn | Kent Whitney | *4279 |
| American Express | Kent R. Whitney, Church for the Healthy Self | *1040 Credit Card ("CC"), and all sub-accounts |
| American Express | David Parrish | *1032 |
| American Express | Kent Whitney | *2177 |
| Bank of America | David Parrish | *7299 Line of Credit – Charged Off *2303 Checking |
| Bank of America | Rose Marie Parrish and David L Parrish Jr | *2303 Checking |
| Bank of America | David Parrish Jr | *3682 CC |
| Bank of America | Kent Whitney | *8757 CC |
| Bank of America | Maximus Worldwide, Inc. Kent Whitney | *2746 CC |
| Bank of America | CHS Asset Management, Inc. / Tien My Pham, President, CEO, Richard D Whitney, Operations Mgr. | *5354 Checking *3568 Checking |
| Bank of America | iCare Financial Solution Corporation | *4884 |
| Bank of America | Ngoc-Ha Nguyen | *0133 |
| Bank of America | Ngoc-Ha Nguyen Secure Retirement Services (General) | *7904 |
| Bank of America | Ngoc-Ha T Nguyen | *6234 *8834 *5991 |
| Bank of America | Ngoc-Ha T Nguyen iCare Financial Solution Corporation | *2755 |
| Bryant State Bank | Kent R. Whitney, Jr. | *3624 CC |
| Capital One | David L Parrish | *5318 CC *6293 CC |
| Capital One | Kent R.E. Whitney | *4137 CC *2357 CC |

| | | |
|---|---|---|
| Capital One | Kent R Whitney | *8298 Checking |
| Charles Schwab | Kent R. E. Whitney | *9545 Brokerage Acct. *9975 Checking |
| Chime Bank | Kent Whitney | *0491 |
| Credit One Bank | Kent Whitney | *2967 CC |
| Cunningham Commodities, LLC | iCare Financial Solution, Inc. | *6459 |
| Discover | Kent Whitney | *3595 CC |
| First Premier Bank | Kent R. Whitney | *3578 CC *8071 CC |
| First Savings | Kent R. Whitney Jr | *1590 CC |
| First Savings Bank (Blaze Mastercard) | Kent R. Whitney, Jr. | *3318 CC |
| Insignia Futures & Options, Inc. | Lena Le | *2885 |
| Insignia Futures & Options, Inc. | iCare Financial Solution, Inc. | *2878 |
| Iron Beam | Lena Le | Unknown account number |
| Iron Beam | iCare Financial Solution Corporation | Unknown account number |
| JPMorgan Chase | David L. Parrish | *9288 *6236 *9236 *1703 *9480 CC *5577 CC *7411 |
| Mid America Bank | Kent Whitney, Jr. | *9619 |
| Prestige Community Credit Union | The Church for the Healthy Self / Joint Owners: Richard Earl King, II Maxine N. Irgang Kelly Florek Kathleen Domagalski Kent Whitney | *5803 |
| Prestige Community Credit Union | Richard Earl King, II | *2829 |
| Prestige Community Credit Union | Richard Earl King, II | *3012 CC |
| Prestige Community Credit Union | Human Kindness Club / Richard Earl King, II | *8663 |
| TD Ameritrade / Scottrade | Church for the Healthy Self / Richard E. King, II | *2670 f/k/a *3062 |
| TD Ameritrade / Scottrade | David Lee Parrish | *8735 f/k/a *7202 (closed 10/28/14) |
| TD Ameritrade | Church for the Healthy Self / Richard King | *1928 (closed 6/2/16) |
| TD Ameritrade | Richard E. King, II | *0502 |

7

| | | |
|---|---|---|
| TD Ameritrade | David Lee Parrish | *1772 Rollover IRA – 2009 f/k/a<br>*8010 Rollover IRA – 2009 |
| The Bankcorp Bank - PayPal Accounts | Kent Whitney<br>David Parrish | *9690 |
| Wells Fargo Bank | iCare Financial | *1976 |
| Wells Fargo Bank | iCare Agency | *8949<br>*5001 |
| Wells Fargo Bank | Crawfish Lovers | *1526<br>*1534 |
| Wells Fargo Bank | Ha Nguyen or Ngoc-Ha Nguyen | *0463<br>*2521<br>*4667 |

Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendant shall make no transactions in securities (excepting liquidating transactions necessary as to avoid wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for Defendant, except as otherwise ordered by this Court or by written instruction of the Receiver.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

## Directive to Financial Institutions

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendant's assets at any time since January 1, 2014, shall, except as provided in the Court's Order Appointing Receiver:

1. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendant's assets, except as directed by further Order of the Court;

2. Deny Defendant and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants;

3. Provide counsel for the Commission and any Receiver in this matter, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants; and

4. Upon request by the Commission or any receiver in this matter, promptly provide the Commission and the receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

## VI.

## Document Preservation

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant Whitney be and hereby is restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants in this matter, or any related entities or individuals.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VII.

## Directive to Persons Holding Related Assets

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within fifteen (15) days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held, and provide a copy of such disclosures to counsel for the Defendant for whose benefit or account the assets were held.

## VIII.

## Accounting

IT IS FURTHER ORDERED that, in accordance with the TRO and the timetables set forth therein, Defendant Parrish shall provide an accounting to the SEC, detailing by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer of: (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of his current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any bank, credit union, trust company, financial or brokerage institution maintained for the Defendant at any point during the period from January 1, 2014, to the present. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by Defendant or within his power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be filed with the Court under seal and shall be

delivered to the SEC to the attention of Jennifer D. Reece, Trial Counsel. After completion of the accounting, Defendant shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## VIII.

## Access and Control of Assets to Receiver

IT IS FURTHER ORDERED that Defendant and their subsidiaries and affiliates, including all entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any of a Defendant's assets, wherever located, collateral, books, records, papers or other property of, or managed by, any of the entities in receivership, shall forthwith give access to and control of such property to the receiver in this matter.

## IX.

## Access to Passwords

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise who holds, possesses, or controls any account passwords, computer passwords, device PINs or passwords, or cryptographic keys, including any such passwords or cryptographic keys held in any manner in any safe deposit box, pertaining in any manner to any assets of any of the Defendants (including any digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets of any of the Defendants, wherever located), shall within 5 days of receiving actual notice of this Order provide counsel for the SEC and the receiver with continuing access to all such account passwords, computer passwords, device PINs or passwords, and cryptographic keys.

## X.
## Passport Surrender

IT IS FURTHER ORDERED that, if he has not already done so, Defendant Parrish shall surrender his passport during the pendency of this matter, and is barred from traveling outside the United States.

## XI.
## Cooperation with the Receiver

IT IS FURTHER ORDERED that Defendant and his affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the receiver (as set forth in the Order Appointing Receiver) and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the receiver or his attorneys, accountants, employees or agents, in the conduct of the receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the receiver of the funds, assets, collateral, premises, and choses in action.

## XII.
## Government Access to Inspect Defendants' Assets

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the books and records and other documents of Defendant, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIII.

## Retention of Jurisdiction

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Signed: April 08, 2019

_____
UNITED STATES DISTRICT JUDGE
JAMES V. SELNA

Presented by:
Jennifer D. Reece
Attorney for Plaintiff
Securities and Exchange Commission