| 1 | JENNIFER D. REECE (Tex. Bar No. 00796242)
Email: reecej@sec.gov |
| 2 | |
| 3 | Attorneys for Plaintiff
U.S. Securities and Exchange Commission
801 Cherry Street, Suite 1900, Unit 18
Fort Worth, Texas 76102
Phone: 817-978-6442
Fax: 817-978-4927 |
| 4 | |
| 5 | |
| 6 | Local Counsel:
LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
U.S. Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
Phone: 323-965-3245
Fax: 213-443-1904 |
| 7 | |
| 8 | |
| 9 | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:19-cv-499-JVS-KES |
|---|---|
| Plaintiff, | **AGREED PARTIAL JUDGMENT AS TO DEFENDANT KENT R.E. WHITLEY** |
| vs. | |
| KENT R.E. WHITNEY, DAVID LEE PARRISH, THE CHURCH FOR THE HEALTHY SELF A/K/A CHS TRUST, AND CHS ASSET MANAGEMENT INC., | |
| Defendants. | |

The Securities and Exchange Commission filed a Complaint and Defendant Kent R. E. Whitney ("Defendant"): entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented

1

to entry of this Agreed Partial Judgment ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty, if so ordered by the Court, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from September 11, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's

motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

4

**VI.**

The Asset Freeze provisions of the Court's March 14, 2019 Temporary Restraining Order and Orders: (1) Freezing Assets; Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Defendants to Surrender Passports; and (5) Requiring Accountings ("TRO") [Doc. 15], and the Court's March 14, 2019 Order Appointing Receiver [Doc. 16] shall remain in full force and effect pending further order of this Court.

**VII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: June 20, 2019.

_____
UNITED STATES DISTRICT JUDGE
JAMES V. SELNA

Presented by:
Jennifer D. Reece
Attorney for Plaintiff
Securities and Exchange Commission

Approved as to form:

*/s/ Kenneth White*

Kenneth White
Brown, White & Newhouse LLP
333 South Hope Street, 40th Floor
Los Angeles, California 90071
Phone: 213-613-9446
*kwhite@brownwhitelaw.com*
Attorney for Defendant


*/s/ Jennifer D. Reece*

Jennifer D. Reece
U.S. Securities and Exchange Commission
801 Cherry Street, Suite 1900, Unit 18
Fort Worth, Texas 76102
Phone: 817-978-6442
*reecej@sec.gov*
Attorney for Plaintiff