**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile:  714 445-1002

Counsel for Robert P. Mosier,
Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KENT R.E. WHITNEY, *et al.*,<br><br>　　　　　　Defendants.<br>and<br><br>HA T. "KELLY" HOANG, *et al.*,<br><br>　　　　　　Relief Defendants. | Case No. 8:19-CV-499-JVS-KES<br><br>**THIRD INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER**<br><br>**DATE:** December 9, 2019<br>**TIME:** 1:30 p.m.<br>**CTRM:** 10C<br>**JUDGE:** Hon. James Selna |

**TO THE HONORABLE JAMES SELNA, UNITED STATES DISTRICT JUDGE, AND THE PARTIES TO THIS ACTION:**

　　Smiley Wang-Ekvall, LLP (the "Firm"), general counsel to Robert P. Mosier, the permanent receiver (the "Receiver") appointed by the Court with respect to Kent R.E. Whitney ("Whitney"), David Lee Parrish ("Parrish"), The Church for the Healthy Self aka CHS Trust ("CHS"), CHS Asset Management, Inc. ("CAM"), Ngoc Ha Nguyen ("Ha Nguyen") and iCare Financial Solution, Inc. ("iCare") (together, the "Receivership Defendants"),

submits its third interim fee application for the period from July 1, 2019, through September 30, 2019 (the "Third Application Period"), as required by the *Order Appointing Receiver* (the "Receiver Order").  Through this application, the Firm seeks interim approval of $45,346.05 in fees and $8,819.81 in expenses, and an order authorizing the Receiver to pay, on an interim basis, 80% of the fees and 100% of the expenses incurred.  The Firm shared this application with the Securities and Exchange Commission ("SEC") prior to its filing with the Court and is informed that the SEC has no objection to the relief sought by the Firm.

## I.     INTRODUCTION

This equity receivership involves an investment fraud perpetrated by the Receivership Defendants that was the subject of a complaint filed by the SEC in March 2019 that initially named Whitney, Parrish, CHS, and CAM as defendants.  The Court appointed the Receiver on a permanent basis with respect to those defendants on March 14, 2019, the same day that it entered a temporary restraining order and asset freeze order.  In September 2019, the SEC filed an amended complaint that added a number of defendants, including Ha Nguyen and iCare, and the Court granted the SEC's request to expand the scope of the earlier receivership and asset freeze orders to include Ha Nguyen and iCare.

Since the Receiver's appointment, the Firm has worked closely with the Receiver to identify and collect assets and books and records in order to identify additional assets and potential litigation targets.  None of the Receivership Defendants or key employees have cooperated with the Receiver, making the administration of these receivership estates more difficult and expensive than it otherwise would be.  Despite the challenges, as of September 30, 2019, the Receiver is holding $5,843,413 and has

frozen $203,932.67 more that he will seek to bring into the receivership estates in the near future. The Receiver's investigation is active and ongoing, particularly with the recent addition of Ha Nguyen and iCare.

During the Third Application Period, the Firm incurred fees of $45,346.05, broken out as follows:

| Category | Hours | Amount |
|---|---|---|
| Asset Investigation and Recovery | 81.70 | $27,791.55 |
| Case Administration/General Receivership | 17.50 | $7,317.00 |
| Litigation | 21.50 | $10,237.50 |
| Fee Applications | 6.10 | $0.00 |
| Total Fees | 126.80 | $45,346.05 |

The Firm is seeking approval of $45,346.05 in fees and $8,819.81 in costs and payment of 80% of the allowed fees and 100% of the allowed costs from available funds.

## II. PRIOR AWARDS

By order entered on June 21, 2019, the Court previously allowed the Firm $63,153.00 in fees and $2,117.13 in costs for the period from March 14, 2019, through March 31, 2019 (the "First Application Period") and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on October 2, 2019, the Court allowed the Firm $82,943.55 in fees and $3,061.72 in expenses for the period from April 1, 2019, through June 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

## III. CASE NARRATIVE

During the First Application Period, the immediate focus of the Receiver was on gaining control of Whitney's and Parrish's residences and

the business locations of CHS and CAM, identifying bank accounts, and obtaining documents and turnover of funds. During the Second and Third Application Periods, these efforts continued. The Firm assisted the Receiver by obtaining documents from financial institutions and other parties, notifying former employees of the receivership and their obligations under the Receiver Order, reviewing records produced by financial institutions to identify other potential assets, and attending depositions of witnesses. Because none of the Receivership Defendants and most of the former key employees have not cooperated, the Firm expended a significant amount of effort during the Third Application Period tracing funds and identifying potential litigation targets. Because Ha Nguyen transferred title to two properties she owned just weeks before being added as a receivership defendant, the Firm also prepared two complaints to avoid and recover those transfers as fraudulent transfers.

The Receiver has made significant progress verifying inflows and outflows from investors and is in the process of developing the claims procedure for these cases and hopes to file a motion to approve that procedure in the coming weeks. The Receiver is also evaluating whether this case is one where an interim distribution to investors is appropriate and expects to make that determination soon.

Attached hereto as Exhibit "A" are the Receiver's Schedule of Cash Receipts and Disbursements for the period from July 1, 2019, through September 30, 2019, and the Standardized Fund Account Report for the same period. These are the same as Exhibit "B" to the Receiver's concurrently-filed fee application.

## IV. SUMMARY OF TASKS PERFORMED AND COSTS INCURRED

### A. Categories and Description of Work

#### 1. Asset Analysis and Recovery

[$27,791.55 in fees for 81.70 hours of work; blended hourly rate: $340.16]

During the Third Application Period, the bulk of the Firm's services were incurred in connection with asset analysis and recovery and tracing investor funds into different bank accounts. Working with the Receiver, the Firm identified suspicious transfers and conducted discovery to identify potential sources of recovery. This investigation is ongoing. The Firm also worked with the U.S. Attorney's Office to transfer the funds that were seized prior to the Receiver's appointment so that the Receiver can distribute them to investors. In addition, after becoming aware of litigation brought by Parrish against a former employer and a pending settlement, the Firm stepped in to ratify the proposed settlement and negotiate appropriate revisions to the settlement agreement. Court approval of the motion to authorize the Receiver to enter into that settlement agreement is pending as of the filing of this Application.

In addition, during the Third Application Period, the SEC amended its complaint to add defendants and relief defendants, and the Court granted the SEC's request to extend the scope of the receivership order to Ha Nguyen and iCare. As a result, the Firm incurred fees obtaining turnover of bank accounts previously known to belong to Ha Nguyen and iCare. In addition, the Firm attempted to obtain Ha Nguyen's cooperation, but she is asserting her Fifth Amendment right to not incriminate herself and is refusing to cooperate with the Receiver. This issue is ongoing but will increase the costs of administration of their receivership estates.

#### 2. Case Administration

[$7,317.00 in fees for 17.50 hours of work; blended hourly rate: $418.11]

During the Third Application Period, the Firm incurred fees in this category preparing the second quarterly status report, corresponding with third parties to obtain documents relevant to the administration of the receivership estates, and communicating with the SEC regarding the status of administration of the estate.  In addition, once the SEC was prepared to amend the complaint and to seek to extend the receivership order to Ha Nguyen and iCare, the Firm prepared Mr. Mosier's declaration in support of that relief.  After they were added as Receivership Defendants, the Firm worked with the Receiver on an update letter to the investors to notify them of that development and about the status of the case in general.  In addition, when the Receiver became aware that investors were receiving emails from someone pretending to act on behalf of the Receiver and soliciting money from them, the Firm worked with the Receiver to quickly send an email and a letter to investors notifying them of the fraudulent nature of that email to attempt to prevent them from suffering further injury.  During this period, the Firm also continued to communicate with investors and to ensure that the Receiver's website is up to date, but has not charged for those services because they are more administrative in nature.

### 3. Litigation

[$10,237.50 in fees for 21.50 hours of work, blended rate of $476.16]

During the Third Interim Period, the Firm communicated with the SEC about the Court-ordered scheduling conference and waived service of process.  Most of the fees that the Firm incurred in this category resulted from the addition of Ha Nguyen and iCare to the receivership estates.  Shortly after the Court entered its order extending the scope of the receivership order to Ms. Nguyen and iCare, they filed an ex parte application for relief from that order.  The Firm incurred fees preparing the opposition to that ex parte application.  The Court gave Ms. Nguyen limited

relief with respect to the attorney-clioent privilege, but otherwise denied the ex parte application.

Unfortunately, the Firm also incurred fees in this category as a result of Ms. Nguyen's transfer of her two real properties just prior to being added as a defendant and a Receivership Defendant.  Because both transfers have the hallmarks of being fraudulent transfers and because Ms. Nguyen provided no evidence to substantiate the validity of those transfers, the Firm sought expedited approval to file the fraudulent transfer complaints because the Receiver was concerned about further transfers of those properties and wanted future transferees to be put on notice of the Receiver's claims against the properties.  The Court granted that relief and the Firm quickly prepared and filed two complaints to avoid and recover fraudulent transfers and then recorded lis pendens against the properties.  Those cases are pending, although the Firm is having difficulty serving the defendants with the complaints and summons.

### 4.     Fee Applications

[$0.00 in fees for 5.80 hours of work]

The Firm incurred time in this category in connection with its fee application for the Second Application Period, which was approved by the Court.  As required by the SEC's billing guidelines, the Firm did not charge the estate for the preparation of the fee application.

### B.     Summary of Expenses Requested for Reimbursement

The Firm requests that the Court approve reimbursement of $8,819.81 in out-of-pocket costs.  The itemization of the expenses is summarized below by category.

| | |
|---|---|
| Subpoena Service Fees and attorney service fees for recording Amended Order Appointing Receiver | $3,451.74 |
| Photocopies[1] | 2,679.00 |
| Recording Fees | 170.00 |
| Filing Fees | 800.00 |
| Postage | 544.45 |
| Bank fees for document production | 70.50 |
| Pacer Online Research | 10.00 |
| Westlaw Online Research | 1,094.12 |
| TOTAL | $8,819.81 |

The Firm's invoice for the Third Application Period is attached as Exhibit "B" and contains the information required by the SEC Receivership Billing Instructions.

## V.   THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED

It is a general rule that the fees and expenses of a receivership are a charge against the property administered.  *See Gaskill v. Gordon,* 27 F.3d 248, 251 (7th Cir. 1994).  These expenses include the fees and expenses of the Receiver and of his or her professionals.  Decisions about the timing and amount of an award are committed to the sound discretion of the Court.  *See SEC v. Elliot*, 953 F.2d 15690, 1577 (11th Cir. 1992).

In determining whether to allow fees, courts consider "the time, labor and skill required . . . in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained."  *Coskery v. Roberts & Mander Corp.,* 200 F.2d 150, 154 (3d Cir.

---

[1] On the invoice, copies were charged at $.20 per page.  In accordance with the SEC Receivership Billing Guidelines, the Firm is reducing the charge to $.15 per page, for a reduction of $42.90.

1952). No single factor is dispositive and a reasonable fees is based on all of the circumstances of the receivership.

The Receiver retained the Firm because the scope of the Receiver Order was broad and it was plain that legal services would be required to locate and account for assets, take action necessary and appropriate to assume control over and preserve receivership assets, and to analyze and pursue other avenues for recovery.

The Firm has submitted a detailed invoice that describes the nature of the services rendered and the identity and billing rate of the professionals performing each task. The Firm has endeavored to staff this case appropriately, utilizing a paralegal when possible and having an associate prepare for and attend the majority of the depositions and to review the bulk of the books and records that needed a lawyer to review them. In addition, the Firm has discounted its standard hourly rates by ten percent.

The services provided by the Firm have been critical to the Receiver's fulfillment of the duties mandated by the Receiver Order. As set forth in greater detail above, the Receiver and the Firm have worked diligently since the Receiver's appointment to (1) investigate, secure, and protect the assets of the receivership estate, (2) investigate transfers to third parties and potential claims related to those transfers, (3) inform the Court and the parties of the Receiver's activities and progress, (4) make recommendations for the efficient and effective administration of the receivership estate, and (5) efficiently and accurately disseminate information to the investors and respond to their inquiries.

The Firm seeks payment of 80% of the fees incurred on an interim basis in recognition of the reality that its work in assisting the Receiver is continuing. Payment of the holdback will be sought at the end of the case.

## VI. CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter its order:

1. Allowing $45,346.05 in fees and $8,819.81 in expenses to the Firm on an interim basis for the period July 1, 2019, through September 30, 2019;

2. Authorizing the Receiver to pay 80% of the allowed fees and 100% of the allowed expenses from available funds with payment of the amount held back to be permitted at a later date; and

3. For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

DATED: November 8, 2019    SMILEY WANG-EKVALL, LLP

By: */s/ Kyra E. Andrassy*
KYRA E. ANDRASSY
Counsel to Robert P. Mosier, Receiver

# DECLARATION OF KYRA E. ANDRASSY

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP, proposed general counsel for Robert P. Mosier, the permanent receiver appointed with respect to Kent R.E. Whitney, David Lee Parrish, The Church for the Healthy Self aka CHS Trust, and CHS Asset Management, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of my firm's third interim fee application (the "Application") for the period from July 1, 2019, through September 30, 2019. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. Attached hereto as Exhibit "A" are the Receiver's Schedule of Cash Receipts and Disbursements for the period from July 1, 2019, through September 30, 2019, and the Standardized Fund Account Report for the same period. These are the same as Exhibit "A" to the Receiver's concurrently-filed fee application.

3. In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows: At or near the time the professional services are rendered, attorneys and other professionals of the Firm record (a) the description of the nature of the services performed, (b) the duration of the time expended, and (c) the client/matter name or number by either: (1) writing such information on a time sheet, or (2) inputting such information directly into the Firm's computer billing system. For the professionals who record their time

using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computer billing system. The Firm's computer billing system keeps a record of all time spent on a client/matter, the professional providing the services and a description of the services rendered. The Firm's computer billing system automatically multiplies the time expended by each professional by the respective professional's billing rate to calculate the amount of the fee. The Firm conducts its business in reliance on the accuracy of such business records.

4. I have reviewed the Firm's bill for services rendered in connection with its representation of the Receiver in this case, a true and correct copy of which is attached hereto as Exhibit "B."

5. It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result. As demonstrated in the Application, the practice has been followed in this case.

6. At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense. These records are also transcribed into the computer which, together with the records of time spent providing professional services, are transcribed onto monthly bills. The expenses are billed at the Firm's actual cost.

7. With respect to costs for the reproduction of documents, the photocopy operator must manually enter in the system the coded "file" number and "matter" number assigned to that particular case and the number of photocopies made. Consistent with the SEC Receivership Billing Instructions which permit a charge of $.15 per page, although the Firm usually charges $.20 per page, it has reduced its charge to $.15 for work on this case and seeks reimbursement of copies in the amount of $2,679.00.

8. The Firm has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the attorneys' fees or expenses awarded to the Firm will be paid to any other entity.

9. I prepared the Application. To the best of my knowledge, information and belief, the facts set forth in the Application are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of November, 2019, at Costa Mesa, California.

*/s/ Kyra E. Andrassy*
KYRA E. ANDRASSY