**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Michael L. Simon, State Bar No. 300822
msimon@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile:  714 445-1002

Counsel for Robert P. Mosier, Receiver

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENT R.E. WHITNEY, *et al.*,<br><br>Defendants.<br>and<br>HA T. "KELLY" HOANG, *et al.*,<br><br>Relief Defendants. | Case No. 8:19-CV-499-JVS-KES<br><br>**FOURTH INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER**<br><br>DATE:  March 23, 2020<br>TIME:   1:30 p.m.<br>CTRM:  10C<br>JUDGE: Hon. James V. Selna |

**TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE, AND THE PARTIES TO THIS ACTION:**

Smiley Wang-Ekvall, LLP (the "Firm"), general counsel to Robert P. Mosier, the permanent receiver (the "Receiver") appointed by the Court with respect to Kent R.E. Whitney ("Whitney"), David Lee Parrish ("Parrish"), The Church for the Healthy Self aka CHS Trust ("CHS"), CHS Asset Management, Inc. ("CAM"), Ngoc Ha Nguyen ("Ha Nguyen") and iCare Financial Solution, Inc. ("iCare") (together, the "Receivership Defendants"),

submits its fourth interim fee application for the period from October 1, 2019, through December 31, 2019 (the "Application Period"), as required by the *Order Appointing Receiver* (the "Receiver Order"). Through this application, the Firm seeks interim approval of $53,326.35 in fees and $7,207.61 in expenses, and an order authorizing the Receiver to pay, on an interim basis, 80% of the fees and 100% of the expenses incurred. The Firm shared this application with the Securities and Exchange Commission ("SEC") prior to its filing with the Court and is informed that the SEC has no objection to the relief sought by the Firm.

## I.     INTRODUCTION

This equity receivership involves an investment fraud perpetrated by the Receivership Defendants that was the subject of a complaint filed by the SEC in March 2019 that initially named Whitney, Parrish, CHS, and CAM as defendants. The Court appointed the Receiver on a permanent basis with respect to those defendants on March 14, 2019, the same day that it entered a temporary restraining order and asset freeze order. In September 2019, the SEC filed an amended complaint that added a number of defendants, including Ha Nguyen and iCare, and the Court granted the SEC's request to expand the scope of the earlier receivership and asset freeze orders to include Ha Nguyen and iCare.

Since the Receiver's appointment, the Firm has worked closely with the Receiver to identify and collect assets and books and records in order to identify additional assets and potential litigation targets. None of the Receivership Defendants or key employees have cooperated with the Receiver, making the administration of these receivership estates more difficult and expensive than it otherwise would be. Despite the challenges, as of December 31, 2019, the Receiver is holding $5,551,059 and has

frozen $157,975.00 more that he will seek to bring into the receivership estates in the near future. The Receiver's investigation is active and ongoing, particularly with the recent addition of Ha Nguyen and iCare.

During the Fourth Application Period, the Firm incurred fees of $53,326.35, broken out as follows:

| Category | Hours | Amount |
| --- | --- | --- |
| Asset Investigation and Recovery | 98.60 | $36,670.95 |
| Case Administration/General Receivership | 11.90 | $3,938.85 |
| Claims Administration | 18.00 | $9,477.00 |
| Litigation | 8.40 | $3,239.55 |
| Fee Applications | 6.40 | $0.00 |
| Total Fees | 143.30 | $53,326.35 |

The Firm is seeking approval of $53,326.35 in fees and $7,207.61 in costs and payment of 80% of the allowed fees and 100% of the allowed costs from available funds.

## II.   PRIOR AWARDS

By order entered on June 21, 2019, the Court previously allowed the Firm $63,153.00 in fees and $2,117.13 in costs for the period from March 14, 2019, through March 31, 2019 (the "First Application Period") and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on October 2, 2019, the Court allowed the Firm $82,943.55 in fees and $3,061.72 in expenses for the period from April 1, 2019, through June 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on December 6, 2019, Court allowed the Firm $45,346.05 in fees and $8,819.81 in expenses for the period from July 1, 2019 through September 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

## III. CASE NARRATIVE

During the First Application Period, the immediate focus of the Receiver was on gaining control of Whitney's and Parrish's residences and the business locations of CHS and CAM, identifying bank accounts, and obtaining documents and turnover of funds. During the Second and Third Application Periods, these efforts continued. The Firm assisted the Receiver by obtaining documents from financial institutions and other parties, notifying former employees of the receivership and their obligations under the Receiver Order, reviewing records produced by financial institutions to identify other potential assets, and attending depositions of witnesses. Because none of the Receivership Defendants and most of the former key employees have not cooperated, the Firm expended a significant amount of effort during the Third Application Period tracing funds and identifying potential litigation targets. Because Ha Nguyen transferred title to two properties she owned just weeks before being added as a receivership defendant, the Firm also prepared two complaints to avoid and recover those transfers as fraudulent transfers.

During the Fourth Application Period, the Firm worked with the Receiver to develop a claims procedure and to determine the most equitable manner of making distributions so that the proper information is collected on the claim forms. The Firm continued its efforts to identify the potential defendants in fraudulent transfer and clawback actions and provided information to potential counsel who are analyzing potential claims against certain financial institutions. The Firm also continued to attempt to locate and collect assets belonging to the Receivership Defendants, including a settlement of some claims held by Parrish against third parties.

During the next interim period, the Receiver and the Firm expect to seek and obtain Court approval of the proposed claims process and authority to pursue litigation claims.

Attached hereto as Exhibit "A" are the Receiver's Schedule of Cash Receipts and Disbursements for the period from October 1, 2019, through December 31, 2019.  This is the same as Exhibit "A" to the Receiver's concurrently-filed fee application.

## IV. SUMMARY OF TASKS PERFORMED AND COSTS INCURRED

### A. Categories and Description of Work

#### 1. Asset Analysis and Recovery

[$36,670.95 in fees for 98.60 hours of work; blended hourly rate: $371.92]

As in the prior periods, the bulk of the Firm's services in the Fourth Application Period were incurred in connection with asset analysis and recovery.  In September, Ha Nguyen and iCare were formally added into the receivership estates.  Ha Nguyen refused to cooperate with the Receiver, citing her Fifth Amendment privilege not to incriminate herself.  This caused the Firm to have to do additional work to ensure that all of her known real and personal property assets were secured.  The Firm also analyzed the scope of the privilege she has claimed.

The Firm also negotiated the terms of a settlement of litigation against third parties in which David Parrish was a plaintiff.  The parties on the other side of the agreement negotiated for a confidentiality provision, so the Firm prepared a motion to file the agreement under seal.  However, before that motion could be filed, the Firm drilled down further and determined that the third parties only viewed the provisions of the agreement about the settlement amount as confidential, so the Firm switched gears and instead prepared a motion to submit the unredacted agreement for in camera

review.  The Court approved the submission of the agreement for in camera review and granted the motion for approval of the agreement.

The Firm has also continued to subpoena documents relevant to either verifying and calculating investor claims and to understand the sources and uses of money.  This information is being used to prepare a list of potential defendants for fraudulent transfer or other clawback actions.  In addition, the Firm has been working with the Receiver to interview counsel to potentially pursue aiding and abetting claims.  The Firm anticipates that a motion seeking authority to pursue claims will be filed in the next few months.

### 2.  Case Administration

[$3,938.85 in fees for 11.9 hours of work; blended hourly rate:  $331.00]

During the Fourth Application Period, the Firm incurred fees in this category communicating with counsel for Ha Nguyen regarding her assertion of her Fifth Amendment privilege, fielding inquiries from investors about the status of the case, preparing the third quarterly status report, and corresponding with tax authorities about the receivership cases.  The Firm has not charged for those services in this category that are purely administrative in nature, including routine communications with investors.

### 3.  Claims Administration

[$9,477.00 in fees for 18.00 hours of work; blended hourly rate:  $526.50]

The addition of iCare into the receivership estate paved the way for the claims process to begin.  During the Fourth Application Period, the Firm worked with the Receiver and his team to devise a claims procedure that they believe will be fair and equitable for the investors.  The Firm prepared a claim form, commenced preparation of a motion for approval of the claim form and the claims procedure, and with the Receiver, analyzed the different distribution methodologies to make a recommendation as to which one is the most equitable under the facts of these cases and to ensure that the claim

forms captured all of the appropriate information.  The Firm also communicated with the SEC during this process to obtain their input.

### 4. Litigation

[$10,237.50 in fees for 21.50 hours of work, blended rate of $476.16]

Shortly before being added as a defendant and a party to this receivership, Ms. Nguyen conveyed title to two real properties under circumstances that tend to evidence that these conveyances were fraudulent.  In the Third Application Period, the Firm prepared and filed two complaints to avoid the transfers as fraudulent.  During the Fourth Application Period, the Firm recorded notices of lis pendens, corresponded with Ms. Nguyen's counsel regarding the transfers, attempted to effectuate service of the subpoenas, and prepared and served third party subpoenas to utility companies to attempt to determine current addresses for the defendants.  As a result of these efforts, Jennifer Nguyen has been served.  The Firm is seeking approval to serve the other defendant by publication.

Both properties have equity in them, so these efforts are expected to benefit the receivership estates.

### 5. Fee Applications

[$0.00 in fees for 6.40 hours of work]

The Firm incurred time in this category in connection with its fee application for the Third Application Period, which was approved by the Court.  As required by the SEC's billing guidelines, the Firm did not charge the estate for the preparation of the fee application.

### B. Summary of Expenses Requested for Reimbursement

The Firm requests that the Court approve reimbursement of $6,792.91 in out-of-pocket costs.  The itemization of the expenses is summarized below by category.

| | |
|---|---:|
| Subpoena Service Fees and attorney service fees related to the litigation | $2,293.08 |
| Photocopies[1] | 2,516.20 |
| Recording Fees for Notices of Lis Pendens | 252.00 |
| Postage | 976.65 |
| Bank fees for document production (labeled as miscellaneous) | 198.73 |
| Pacer Online Research | 40.70 |
| Westlaw Online Research | 930.25 |
| TOTAL | $7,207.61 |

The Firm's invoice for the Fourth Application Period is attached as Exhibit "B" and contains the information required by the SEC Receivership Billing Instructions.

## V. THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED

It is a general rule that the fees and expenses of a receivership are a charge against the property administered. *See Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994). These expenses include the fees and expenses of the Receiver and of his or her professionals. Decisions about the timing and amount of an award are committed to the sound discretion of the Court. *See SEC v. Elliot*, 953 F.2d 15690, 1577 (11th Cir. 1992).

In determining whether to allow fees, courts consider "the time, labor and skill required . . . in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained." *Coskery v. Roberts & Mander Corp.*, 200 F.2d 150, 154 (3d Cir.

---

[1] On the invoice, copies were charged at $.20 per page. In accordance with the SEC Receivership Billing Guidelines, the Firm is reducing the charge to $.15 per page, for a reduction of $42.90.

1952).  No single factor is dispositive and a reasonable fees is based on all of the circumstances of the receivership.

The Receiver retained the Firm because the scope of the Receiver Order was broad and it was plain that legal services would be required to locate and account for assets, take action necessary and appropriate to assume control over and preserve receivership assets, and to analyze and pursue other avenues for recovery.

The Firm has submitted a detailed invoice that describes the nature of the services rendered and the identity and billing rate of the professionals performing each task.  The Firm has endeavored to staff this case appropriately, utilizing a paralegal when possible and having an associate prepare for and attend the majority of the depositions and to review the bulk of the books and records that needed a lawyer to review them.  In addition, the Firm has discounted its standard hourly rates by ten percent.

The services provided by the Firm have been critical to the Receiver's fulfillment of the duties mandated by the Receiver Order.  As set forth in greater detail above, the Receiver and the Firm have worked diligently since the Receiver's appointment to (1) investigate, secure, and protect the assets of the receivership estate, (2) investigate transfers to third parties and potential claims related to those transfers, (3) inform the Court and the parties of the Receiver's activities and progress, (4) make recommendations for the efficient and effective administration of the receivership estate, and (5) efficiently and accurately disseminate information to the investors and respond to their inquiries.

The Firm seeks payment of 80% of the fees incurred on an interim basis in recognition of the reality that its work in assisting the Receiver is continuing.  Payment of the holdback will be sought at the end of the case.

## VI. CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter its order:

1. Allowing $53,326.35 in fees and $7,207.61 in expenses to the Firm on an interim basis for the period October 1, 2019, through December 31, 2019;

2. Authorizing the Receiver to pay 80% of the allowed fees and 100% of the allowed expenses from available funds with payment of the amount held back to be permitted at a later date; and

3. For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

DATED: February 21, 2020    SMILEY WANG-EKVALL, LLP

By:   /s/ Kyra E. Andrassy
      KYRA E. ANDRASSY
      Counsel to Robert P. Mosier, Receiver

## **DECLARATION OF KYRA E. ANDRASSY**

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP, proposed general counsel for Robert P. Mosier, the permanent receiver appointed with respect to Kent R.E. Whitney, David Lee Parrish, The Church for the Healthy Self aka CHS Trust, and CHS Asset Management, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of my firm's fourth interim fee application (the "Application") for the period from October 1, 2019, through December 31, 2019. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. Attached hereto as Exhibit "A" is the Receiver's Schedule of Cash Receipts and Disbursements for the period from October 1, 2019, through December 31, 2019. This is the same as Exhibit "A" to the Receiver's concurrently-filed fee application.

3. In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows: At or near the time the professional services are rendered, attorneys and other professionals of the Firm record (a) the description of the nature of the services performed, (b) the duration of the time expended, and (c) the client/matter name or number by either: (1) writing such information on a time sheet, or (2) inputting such information directly into the Firm's computer billing system. For the professionals who record their time using written time sheets, the information contained in the time sheets is

then transcribed into the Firm's computer billing system.  The Firm's computer billing system keeps a record of all time spent on a client/matter, the professional providing the services and a description of the services rendered.  The Firm's computer billing system automatically multiplies the time expended by each professional by the respective professional's billing rate to calculate the amount of the fee.  The Firm conducts its business in reliance on the accuracy of such business records.

4. I have reviewed the Firm's bill for services rendered in connection with its representation of the Receiver in this case, a true and correct copy of which is attached hereto as Exhibit "B."

5. It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result.  As demonstrated in the Application, the practice has been followed in this case.

6. At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense.  These records are also transcribed into the computer which, together with the records of time spent providing professional services, are transcribed onto monthly bills.  The expenses are billed at the Firm's actual cost.

7. With respect to costs for the reproduction of documents, the photocopy operator must manually enter in the system the coded "file" number and "matter" number assigned to that particular case and the number of photocopies made.  Consistent with the SEC Receivership Billing Instructions which permit a charge of $.15 per page, although the Firm usually charges $.20 per page, it has reduced its charge to $.15 for work on this case and seeks reimbursement of copies in the amount of $2,516.20.

8. The Firm has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the attorneys' fees or expenses awarded to the Firm will be paid to any other entity.

9. I prepared the Application. To the best of my knowledge, information and belief, the facts set forth in the Application are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of February, 2020, at Costa Mesa, California.

        */s/ Kyra E. Andrassy*
KYRA E. ANDRASSY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **02/21/2020**, I served true copies of the following document(s) described as

**FOURTH INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER**

on the interested parties in this action as follows:

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")) –** Pursuant to United States District Court, Central District of California, Local Civil Rule 5-3, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **02/21/2020**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE).** I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( ) STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 21, 2020, at Costa Mesa, California.

/s/ *Lynnette Garrett*
Lynnette Garrett

# SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- **Kyra E Andrassy**
kandrassy@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

- **Lynn M Dean**
deanl@sec.gov,LAROFiling@sec.gov,chaj@sec.gov,longoa@sec.gov,irwinma@sec.gov

- **William H Forman**
wforman@scheperkim.com,rramirez@scheperkim.com,mlievsay@scheperkim.com,cgonzalez@scheperkim.com

- **Stanley L Friedman**
friedman@friedmanlaw.org

- **John P Kreis**
jkreis@kreislaw.com,j.kreis@ca.rr.com

- **Eliot F Krieger**
ekrieger@skt.law,alucero@skt.law

- **Stanley C Morris**
scm@cormorllp.com,1903134420@filings.docketbird.com,5564279420@filings.docketbird.com

- **Robert P Mosier**
rmosier@mosierco.com

- **Jennifer D Reece**
reecej@sec.gov,stewartan@sec.gov,minnickd@sec.gov,justicet@sec.gov,fairchildr@sec.gov

- **Brandon Scott Reif**
docket@reiflawgroup.com

- **Michael Lewis Simon**
msimon@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

- **Jeffrey L Steinfeld**
jsteinfeld@scheperkim.com,rramirez@scheperkim.com

- **Christopher Lih-Wei Wong**
cwong@SKT.law,alucero@skt.law

**BY OVERNIGHT MAIL:**

The Honorable James V. Selna
United States District Court
411 West 4th Street, Room 10C
Santa Ana, CA 92701-4516

**BY U.S. MAIL:**

Luke T. Ho
1212 Heritage Way
Covina, CA 91724