**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Counsel for Robert P. Mosier, Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENT R.E. WHITNEY, *et al.*,<br><br>Defendants.<br>and<br>HA T. "KELLY" HOANG, *et al.*,<br><br>Relief Defendants. | Case No. 8:19-CV-499-JVS-KES<br><br>**SIXTH INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER**<br><br>DATE: September 14, 2020<br>TIME: 1:30 p.m.<br>CTRM: 10C<br>JUDGE: Hon. James V. Selna |

**TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE, AND THE PARTIES TO THIS ACTION:**

Smiley Wang-Ekvall, LLP (the "Firm"), general counsel to Robert P. Mosier, the permanent receiver (the "Receiver") appointed by the Court with respect to Kent R.E. Whitney ("Whitney"), David Lee Parrish ("Parrish"), The Church for the Healthy Self aka CHS Trust ("CHS"), CHS Asset Management, Inc. ("CAM"), Ngoc Ha Nguyen ("Ha Nguyen") and iCare Financial Solution, Inc. ("iCare") (together, the "Receivership Defendants"),

2831575.1 APPLICATION

submits its sixth interim fee application for the period from April 1, 2020, through June 30, 2020 (the "Application Period"), as required by the *Order Appointing Receiver* (the "Receiver Order"). Through this application, the Firm seeks interim approval of $14,299.65 in fees and $8,989.27 in expenses, and an order authorizing the Receiver to pay, on an interim basis, 80% of the fees and 100% of the expenses incurred. The Firm shared this application with the Securities and Exchange Commission ("SEC") prior to its filing with the Court and is informed that the SEC has no objection to the relief sought by the Firm.

## I.     INTRODUCTION

This equity receivership involves an investment fraud perpetrated by the Receivership Defendants that was the subject of a complaint filed by the SEC in March 2019 that initially named Whitney, Parrish, CHS, and CAM as defendants. The Court appointed the Receiver on a permanent basis with respect to those defendants on March 14, 2019, the same day that it entered a temporary restraining order and asset freeze order. In September 2019, the SEC filed an amended complaint that added a number of defendants, including Ha Nguyen and iCare, and the Court granted the SEC's request to expand the scope of the earlier receivership and asset freeze orders to include Ha Nguyen and iCare.

Since the Receiver's appointment, the Firm has worked closely with the Receiver to identify and collect assets and books and records in order to identify additional assets and potential litigation targets. None of the Receivership Defendants or key employees have cooperated with the Receiver, making the administration of these receivership estates more difficult and expensive than it otherwise would be. Despite the challenges, as of June 30, 2020, the Receiver is holding $5,608,909. The Receiver has

obtained approval of a claim procedure to start the process of making a distribution to the investors defrauded by the Receivership Defendants.

During the sixth Application Period, the Firm incurred fees of $14,299.65, broken out as follows:

| Category | Hours | Amount |
| --- | --- | --- |
| Asset Investigation and Recovery | 3.00 | $1,248.75 |
| Case Administration/General Receivership | 5.60 | $2,241.90 |
| Claims Administration | 7.20 | $3,161.70 |
| Litigation | 17.80 | $7,647.30 |
| Fee Applications | 7.10 | $0.00 |
| Total Fees | 40.70 | $14,299.65 |

The Firm is seeking approval of $14,299.65 in fees and $8,989.27 in costs and payment of 80% of the allowed fees and 100% of the allowed costs from available funds.

## II. PRIOR AWARDS

By order entered on June 21, 2019, the Court previously allowed the Firm $63,153.00 in fees and $2,117.13 in costs for the period from March 14, 2019, through March 31, 2019 (the "First Application Period") and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on October 2, 2019, the Court allowed the Firm $82,943.55 in fees and $3,061.72 in expenses for the period from April 1, 2019, through June 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on December 6, 2019, the Court allowed the Firm $45,346.05 in fees and $8,819.81 in expenses for the period from July 1, 2019 through September 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on March 19, 2020, the Court allowed the Firm $53,326.35 in fees and $7,207.61 in costs for the period from October 1, 2019 through December 31, 2019, and authorized the payment of 80% of fees and 100% of the costs.

Last, by order entered on June 5, 2020, the Court allowed the Firm $44,627.40 in fees and $8,424.33 in costs for the period from January 1, 2020, through March 31, 2020, and authorized the payment of 80% of the fees and 100% of the costs.

### III. CASE NARRATIVE

During the First Application Period, the immediate focus of the Receiver was on gaining control of Whitney's and Parrish's residences and the business locations of CHS and CAM, identifying bank accounts, and obtaining documents and turnover of funds.  During the Second and Third Application Periods, these efforts continued.  The Firm assisted the Receiver by obtaining documents from financial institutions and other parties, notifying former employees of the receivership and their obligations under the Receiver Order, reviewing records produced by financial institutions to identify other potential assets, and attending depositions of witnesses. Because none of the Receivership Defendants and most of the former key employees have not cooperated, the Firm expended a significant amount of effort during the Third Application Period tracing funds and identifying potential litigation targets.  Because Ha Nguyen transferred title to two properties she owned just weeks before being added as a receivership defendant, the Firm also prepared two complaints to avoid and recover those transfers as fraudulent transfers.

During the Fourth Application Period, the Firm worked with the Receiver to develop a claims procedure and to determine the most equitable

manner of making distributions so that the proper information is collected on the claim forms.  The Firm continued its efforts to identify the potential defendants in fraudulent transfer and clawback actions and provided information to potential counsel who are analyzing potential claims against certain financial institutions.  The Firm also continued to attempt to locate and collect assets belonging to the Receivership Defendants, including a settlement of some claims held by Parrish against third parties.

During the Fifth Application Period, the Receiver and the Firm obtained approval of the proposed claims procedure.  They also obtained an order determining that two accounts in the name of a company owned by Ha Nguyen were property of her receivership estate and collected that money.  .

During the Sixth Application Period, the Firm continued to identify litigation targets.  It also assisted the Receiver with resolution of issues surrounding certain claims.  The bulk of the Firm's time was incurred in connection with the pending fraudulent transfer actions, one of which is the subject of a settlement that is in the process of being documented and the second of which is in the early stages of litigation.

Attached hereto as Exhibit "A" are the Receiver's Schedule of Cash Receipts and Disbursements for the period from April 1, 2020, through June 30, 2020.  This is the same as Exhibit "A" to the Receiver's concurrently-filed fee application.

## IV. SUMMARY OF TASKS PERFORMED AND COSTS INCURRED

### A. Categories and Description of Work

#### 1. Asset Analysis and Recovery

[$1,248.75 in fees for 3.00 hours of work; blended hourly rate:  $416.25]

During this Application Period, the Firm incurred a modest amount of time in the asset analysis and recovery category, mostly in completing a list

of litigation targets and communicating with potential counsel with respect to certain of the actions.

### 2. Case Administration

[$2,241.90 in fees for 5.60 hours of work; blended hourly rate: $400.34]

During this Application Period, the Firm incurred fees in this category preparing the fifth quarterly status report, communicating with counsel for David Parrish regarding the amount the Receiver obtained for personal property items seized from Mr. Parrish, and communicating with various parties on miscellaneous issues affecting the receivership estate. The Firm has not charged for those services in this category that are purely administrative in nature, including routine communications with investors.

### 3. Claims Administration

[$3,161.70 in fees for 7.20 hours of work; blended hourly rate: $439.13]

During this Application Period, the Firm assisted the Receiver's office with various issues regarding claims being returned to the Receiver and communicated with investors who had questions about the claim procedure or the form. The Firm also drafted a letter to send to investors who have not yet returned their claim form, informing them of the consequences of not returning signed claim forms. The claims bar date is July 31, 2020.

### 4. Litigation

[$7,647.30 in fees for 17.80 hours of work, blended rate of $429.62]

Shortly before being added as a defendant and a party to this receivership, Ms. Nguyen conveyed title to two real properties under circumstances that tend to evidence that these conveyances were fraudulent. The Firm filed two complaints to avoid and recover these transfers. The Firm filed one against Jennifer Nguyen, the defendant's sister, and another against a person named Luan Cong Nguyen. Jennifer

Nguyen was served and answered the complaint, and the Court has issued a scheduling order.

During this Application Period, the Firm reached a settlement with Jennifer Nguyen and is in the process of finalizing the documentation of that settlement. Under the tentative settlement, Jennifer Nguyen will convey title to the property to the receivership estate. In the action against Luan Cong Nguyen, the defendant retained counsel and the Firm engaged in discussions with counsel about the complaint and the claims. Counsel for Luan Cong Nguyen took the position that the complaint did not satisfy the requirements for pleading fraud claims and sought to meet and confer about a motion to dismiss. While the Receiver disagreed that the complaint was not specific enough, rather than incur fees opposing the motion to dismiss, the Receiver agreed to amend the complaint to add details.

Both properties have equity in them, so these efforts are expected to benefit the receivership estates.

### 5.     Fee Applications

[$0.00 in fees for 7.10 hours of work]

The Firm incurred time in this category in connection with its fee application for the Fifth Application Period, which was approved by the Court. As required by the SEC's billing guidelines, the Firm did not charge the estate for the preparation of the fee application.

### B.     Summary of Expenses Requested for Reimbursement

The Firm requests that the Court approve reimbursement of $8,989.27 in out-of-pocket costs. The itemization of the expenses is summarized below by category.

| Photocopies[1] | 2,486.00 |
|---|---|
| Postage | 811.10 |
| Bank fees for document production | 51.75 |
| Cost to place legal notice regarding claims bar date in papers | 5,605.68 |
| Bank fees for document production (labeled as miscellaneous) | 51.75 |
| Westlaw Online Research | 34.74 |
| TOTAL | $8,424.33 |

The Firm's invoice for this Application Period is attached as Exhibit "B" and contains the information required by the SEC Receivership Billing Instructions.

## V.   THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED

It is a general rule that the fees and expenses of a receivership are a charge against the property administered.  *See Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994).  These expenses include the fees and expenses of the Receiver and of his or her professionals.  Decisions about the timing and amount of an award are committed to the sound discretion of the Court.  *See SEC v. Elliot*, 953 F.2d 15690, 1577 (11th Cir. 1992).

In determining whether to allow fees, courts consider "the time, labor and skill required . . . in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained." *Coskery v. Roberts & Mander Corp.*, 200 F.2d 150, 154 (3d Cir. 1952).  No single factor is dispositive and a reasonable fees is based on all of the circumstances of the receivership.

---

[1] On the invoice, copies were charged at $.20 per page.  In accordance with the SEC Receivership Billing Guidelines, the Firm is reducing the charge to $.15 per page, for a reduction of $42.90.

The Receiver retained the Firm because the scope of the Receiver Order was broad and it was plain that legal services would be required to locate and account for assets, take action necessary and appropriate to assume control over and preserve receivership assets, and to analyze and pursue other avenues for recovery.

The Firm has submitted a detailed invoice that describes the nature of the services rendered and the identity and billing rate of the professionals performing each task.  The Firm has endeavored to staff this case appropriately, utilizing a paralegal when possible and having an associate prepare for and attend the majority of the depositions and to review the bulk of the books and records that needed a lawyer to review them.  In addition, the Firm has discounted its standard hourly rates by ten percent.

The services provided by the Firm have been critical to the Receiver's fulfillment of the duties mandated by the Receiver Order.  As set forth in greater detail above, the Receiver and the Firm have worked diligently since the Receiver's appointment to (1) investigate, secure, and protect the assets of the receivership estate, (2) investigate transfers to third parties and potential claims related to those transfers, (3) inform the Court and the parties of the Receiver's activities and progress, (4) make recommendations for the efficient and effective administration of the receivership estate, and (5) efficiently and accurately disseminate information to the investors and respond to their inquiries.

The Firm seeks payment of 80% of the fees incurred on an interim basis in recognition of the reality that its work in assisting the Receiver is continuing.  Payment of the holdback will be sought at the end of the case.

## VI. CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter its order:

1. Allowing $14,299.65 in fees and $8,989.27 in expenses to the Firm on an interim basis for the period from April 1, 2020, through June 30, 2020;

2. Authorizing the Receiver to pay 80% of the allowed fees and 100% of the allowed expenses from available funds with payment of the amount held back to be permitted at a later date; and

3. For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

DATED: August 14, 2020     SMILEY WANG-EKVALL, LLP

By: ___/s/ Kyra E. Andrassy___
KYRA E. ANDRASSY
Counsel to Robert P. Mosier, Receiver

# **DECLARATION OF KYRA E. ANDRASSY**

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP, proposed general counsel for Robert P. Mosier, the permanent receiver appointed with respect to Kent R.E. Whitney, David Lee Parrish, The Church for the Healthy Self aka CHS Trust, and CHS Asset Management, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of my firm's sixth interim fee application (the "Application") for the period from April 1, 2020, through June 30, 2020. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. Attached hereto as Exhibit "A" is the Receiver's Schedule of Cash Receipts and Disbursements for the period from April 1, 2020, through June 30, 2020. This is the same as Exhibit "A" to the Receiver's concurrently-filed fee application.

3. In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows: At or near the time the professional services are rendered, attorneys and other professionals of the Firm record (a) the description of the nature of the services performed, (b) the duration of the time expended, and (c) the client/matter name or number by either: (1) writing such information on a time sheet, or (2) inputting such information directly into the Firm's computer billing system. For the professionals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computer billing system. The Firm's

computer billing system keeps a record of all time spent on a client/matter, the professional providing the services and a description of the services rendered. The Firm's computer billing system automatically multiplies the time expended by each professional by the respective professional's billing rate to calculate the amount of the fee. The Firm conducts its business in reliance on the accuracy of such business records.

4. I have reviewed the Firm's bill for services rendered in connection with its representation of the Receiver in this case, a true and correct copy of which is attached hereto as Exhibit "B."

5. It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result. As demonstrated in the Application, the practice has been followed in this case.

6. At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense. These records are also transcribed into the computer which, together with the records of time spent providing professional services, are transcribed onto monthly bills. The expenses are billed at the Firm's actual cost.

7. With respect to costs for the reproduction of documents, the photocopy operator must manually enter in the system the coded "file" number and "matter" number assigned to that particular case and the number of photocopies made. Consistent with the SEC Receivership Billing Instructions which permit a charge of $.15 per page, although the Firm usually charges $.20 per page, it has reduced its charge to $.15 for work on this case and seeks reimbursement of copies in the amount of $5,060.80.

8. The Firm has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the

attorneys' fees or expenses awarded to the Firm will be paid to any other entity.

9. I prepared the Application. To the best of my knowledge, information and belief, the facts set forth in the Application are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of August, 2020, at Costa Mesa, California.

*/s/ Kyra E. Andrassy*
KYRA E. ANDRASSY

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **08/14/2020**, I served true copies of the following document(s) described as

**SIXTH INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER**

on the interested parties in this action as follows:

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")) –** Pursuant to United States District Court, Central District of California, Local Civil Rule 5-3, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **08/14/2020**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE)**. I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( ) STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 14, 2020, at Costa Mesa, California.

                /s/ *Lynnette Garrett*
                Lynnette Garrett

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Kyra E Andrassy
kandrassy@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

- Lynn M Dean
deanl@sec.gov,LAROFiling@sec.gov,longoa@sec.gov,irwinma@sec.gov

- William H Forman
wforman@scheperkim.com,rramirez@scheperkim.com,mlievsay@scheperkim.com,cgonzalez@scheperkim.com

- Stanley L Friedman
friedman@friedmanlaw.org

- John P Kreis
jkreis@kreislaw.com,j.kreis@ca.rr.com

- Eliot F Krieger
ekrieger@skt.law,alucero@skt.law

- Stanley C Morris
scm@cormorllp.com,1903134420@filings.docketbird.com,5564279420@filings.docketbird.com

- Robert P Mosier
rmosier@mosierco.com

- Jennifer D Reece
reecej@sec.gov,stewartan@sec.gov,minnickd@sec.gov,justicet@sec.gov,fairchildr@sec.gov

- Brandon Scott Reif
docket@reiflawgroup.com,docketRLG@ecf.courtdrive.com

- Michael Lewis Simon
msimon@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

- Jeffrey L Steinfeld
jsteinfeld@scheperkim.com,rramirez@scheperkim.com

- Christopher Lih-Wei Wong
cwong@SKT.law,alucero@skt.law

**BY U.S. MAIL:**

Luke T. Ho
1212 Heritage Way
Covina, CA 91724