**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Michael L. Simon, State Bar No. 300822
msimon@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile:  714 445-1002

Counsel for Robert P. Mosier,
Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENT R.E. WHITNEY, *et al.*,<br><br>Defendants.<br>and<br>HA T. "KELLY" HOANG, *et al.*,<br><br>Relief Defendants. | Case No. 8:19-CV-499-JVS-KES<br><br>**ELEVENTH INTERIM APPLICATION FOR APPROVAL OF FEES AND COSTS OF SMILEY WANG-EKVALL, GENERAL COUNSEL TO THE RECEIVER, AND REQUEST FOR PAYMENT OF AMOUNTS HELD BACK FROM PRIOR APPLICATIONS**<br><br>DATE: December 6, 2021<br>TIME: 1:30 p.m.<br>CTRM: 10C<br>JUDGE: Hon. James V. Selna |

**TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE, AND THE PARTIES TO THIS ACTION:**

Smiley Wang-Ekvall, LLP (the "Firm"), general counsel to Robert P. Mosier, the permanent receiver (the "Receiver") appointed by the Court with respect to Kent R.E. Whitney ("Whitney"), David Lee Parrish ("Parrish"), The Church for the Healthy Self aka CHS Trust ("CHS"), CHS Asset Management, Inc. ("CAM"), Ngoc Ha Nguyen ("Ha Nguyen") and iCare Financial Solution, Inc. ("iCare") (together, the "Receivership Defendants"),

2877381.1                                                                                                       APPLICATION

submits its tenth interim fee application for the period from July 1, 2021, through September 30, 2021 (the "Application Period"), as required by the *Order Appointing Receiver* (the "Receiver Order"). Through this application, the Firm seeks interim approval of $5,095.35 in fees and $3,882.54 in expenses, and an order authorizing the Receiver to pay the fees and costs on an interim basis. The Firm shared this application with the Securities and Exchange Commission ("SEC") prior to its filing with the Court and is informed that the SEC has no objection to the relief sought by the Firm.

## I.  INTRODUCTION

This equity receivership involves an investment fraud perpetrated by the Receivership Defendants that was the subject of a complaint filed by the SEC in March 2019 that initially named Whitney, Parrish, CHS, and CAM as defendants. The Court appointed the Receiver on a permanent basis with respect to those defendants on March 14, 2019, the same day that it entered a temporary restraining order and asset freeze order. In September 2019, the SEC filed an amended complaint that added a number of defendants, including Ha Nguyen and iCare, and the Court granted the SEC's request to expand the scope of the earlier receivership and asset freeze orders to include Ha Nguyen and iCare.

Since the Receiver's appointment, the Firm has worked closely with the Receiver to identify and collect assets, to review the books and records in order to identify additional assets and potential litigation targets, and to make an interim distribution to certain investors. After making interim distributions, the Receiver is holding $788,683, which includes a reserve of $345,849 for potential distributions to disputed insider claims. There remain assets to administer.

During the Application Period, the Firm incurred fees of $5,095.35, broken out as follows:

| Category | Hours | Amount |
|---|---|---|
| Asset Investigation and Recovery | 9.20 | $4,633.20 |
| Case Administration/General Receivership | 3.10 | $1,158.30 |
| Claims Administration | 6.80 | $2,922.75 |
| Litigation | 8.70 | $3,700.35 |
| Fee Applications | 3.30 | $0.00 |
| Total Fees | 31.10 | $12,414.60 |

The Firm is seeking approval of $5,095.35 in fees and $3,882.54 in costs and payment of 100% of the allowed fees and 100% of the allowed costs from available funds.

## II.  PRIOR AWARDS

By order entered on June 21, 2019, the Court previously allowed the Firm $63,153.00 in fees and $2,117.13 in costs for the period from March 14, 2019, through March 31, 2019 and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on October 2, 2019, the Court allowed the Firm $82,943.55 in fees and $3,061.72 in expenses for the period from April 1, 2019, through June 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on December 6, 2019, the Court allowed the Firm $45,346.05 in fees and $8,819.81 in expenses for the period from July 1, 2019 through September 30, 2019, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on March 19, 2020, the Court allowed the Firm $53,326.35 in fees and $7,207.61 in costs for the period from October 1,

2019 through December 31, 2019, and authorized the payment of 80% of fees and 100% of the costs.

By order entered on June 5, 2020, the Court allowed the Firm $44,627.40 in fees and $8,424.33 in costs for the period from January 1, 2020, through March 31, 2020, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on September 1, 2020, the Court allowed the Firm $14,299.65 in fees and $8,989.27 in costs for the period from April 1, 2020, through June 30, 2020, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on November 20, 2020, the Court allowed the Firm $42,830.55 in fees and $4,003.07 in costs for the period from July 1, 2020, through September 30, 2020, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on February 23, 2021, the Court allowed the Firm $23,093.55 in fees and $4,029.37 in costs for the period from October 1, 2020, through December 31, 2020, and authorized the payment of 80% of the fees and 100% of the costs.

By order entered on June 1, 2021, the Court allowed the Firm $20,414.70 in fees and $9,844.78 in costs and authorized their payment.  At the Firm's request and because of the status of the case, the Court granted the Firm's request to authorize payment of $73,924.02 in fees held back from prior fee applications.

Last, by order entered on September 15, 2021, the Court allowed the Firm $12,5988.20 in fees and $6,570.72 in expenses for the period from April 1, 2021, through June 30, 2021.

### III. CASE NARRATIVE

During the first application period, the immediate focus of the Receiver was on gaining control of Whitney's and Parrish's residences and the business locations of CHS and CAM, identifying bank accounts, and obtaining documents and turnover of funds. During the second and third application periods, these efforts continued. The Firm assisted the Receiver by obtaining documents from financial institutions and other parties, notifying former employees of the receivership and their obligations under the Receiver Order, reviewing records produced by financial institutions to identify other potential assets, and attending depositions of witnesses. Because none of the Receivership Defendants and most of the former key employees have not cooperated, the Firm expended a significant amount of effort during the third application period tracing funds and identifying potential litigation targets. Because Ha Nguyen transferred title to two properties she owned just weeks before being added as a receivership defendant, the Firm also prepared two complaints to avoid and recover those transfers as fraudulent transfers.

During the fourth application period, the Firm worked with the Receiver to develop a claims procedure and to determine the most equitable manner of making distributions so that the proper information is collected on the claim forms. The Firm continued its efforts to identify the potential defendants in fraudulent transfer and clawback actions and provided information to potential counsel who are analyzing potential claims against certain financial institutions. The Firm also continued to attempt to locate and collect assets belonging to the Receivership Defendants, including a settlement of some claims held by Parrish against third parties.

During the fifth application period, the Receiver and the Firm obtained approval of the proposed claims procedure. They also obtained an order

determining that two accounts in the name of a company owned by Ha Nguyen were property of her receivership estate and collected that money.

During the sixth application period, the Firm continued to identify litigation targets.  It also assisted the Receiver with resolution of issues surrounding certain claims.  The bulk of the Firm's time was incurred in connection with the pending fraudulent transfer actions, one of which is the subject of a settlement that is in the process of being documented and the second of which is in the early stages of litigation.

During the seventh application period, the Firm worked with the Receiver to identify and resolve issues regarding claims and the consolidation of accounts to pave the way for the Receiver to make an interim distribution to the investors defrauded by the Receivership Defendants.  The Firm began preparation of a motion for authorization to make an interim distribution, and expects the motion to be filed in the last quarter of 2020.

During the eighth application period, the Firm continued to work with the Receiver on the motion to make an interim distribution to investors and the treatment of the claims of investors holding multiple accounts.

During the ninth application period, the Firm filed and obtained Court approval to make an interim distribution to non-insider investors so that investors have now received back at least 22% of the amount that they invested.  The Firm also prepared the motion for approval to pursue litigation to recover fraudulent transfers and similar payments which the Court granted.

During the tenth application period, the Firm learned that the current owner of a property in San Jose that was already the subject of a fraudulent transfer action brought by the Receiver had transferred title to a third party.  Because there was a lis pendens of record, that third party took title subject

to the Receiver's claims. The Receiver has now sued that party to recover the property. With respect to a second property that was recovered by the Receiver earlier this year, the Firm learned that the home was occupied by someone without a lease, so the Firm obtained an order requiring them to vacate the property. The Receiver has since sold that townhome. The Firm also continued to work with the Receiver's team to resolve issues with a small handful of disputed claims.

During this Application Period, the Firm prepared subpoenas to attempt to identify the whereabouts of the new owner of the property in San Jose and, after those attempts proved futile, prepared a motion for authority to serve the current owner of the property by publication since her whereabouts are unknown. The Firm also worked with the Receiver's broker in connection with miscellaneous issues that arose in connection with the sale of the townhome, which has since closed.

Attached hereto as Exhibit "A" is the Receiver's Schedule of Cash Receipts and Disbursements for the Application Period. This is the same as Exhibit "C" to the Receiver's concurrently-filed fee application.

## IV.  SUMMARY OF TASKS PERFORMED AND COSTS INCURRED

### A.  Categories and Description of Work

#### 1.  Asset Disposition

[$1,368.90 in fees for 2.60 hours of work; blended hourly rate: $526.50]

During this Application Period, the Firm worked with the broker for the Summereve townhome regarding a number of different issues to enable the sale of the townhome to close, including making sure that the Receiver obtained possession of the property from the tenant, reviewing the title report regarding unpaid homeowners' assessments, and verifying that the closing documents were consistent with the Receiver's authorizations.

In addition, the Firm prepared a stipulation that, if approved, will return title to a home that an investor conveyed to Church for the Healthy Self back to the investor. The Firm is finalizing that stipulation.

### 2. Case Administration

[$1,000.35 in fees for 2.10 hours of work; blended hourly rate: $476.36]

During this Application Period, the Firm incurred fees in this category assisting the Receiver with his preparation of the tenth quarterly status report, meeting with the Receiver regarding investor communication and the status of pursuit of various claims, and communicating with a lawyer who may be retained by some investors to pursue claims that they hold.

### 3. Claims Administration

[$105.30 in fees for 0.20 hours of work; blended hourly rate: $526.50]

The Firm incurred a small amount of time communicating with the Receiver's office with respect to communications with an investor holding a disputed claim.

### 4. Litigation

[$2,620.80 in fees for 6.500 hours of work, blended rate of $403.20]

Shortly before being added as a defendant and a party to this receivership, Ms. Nguyen conveyed title to two real properties under circumstances that tend to evidence that these conveyances were fraudulent. The Firm filed two complaints to avoid and recover these transfers. The Firm filed one against Jennifer Nguyen, the defendant's sister, and another against a person named Luan Cong Nguyen. The litigation against Jennifer Nguyen has been resolved.

During the prior application period, when the Firm was in the process of beginning preparation of a motion to strike Luan Cong Nguyen's answer for failure to respond to discovery, the Firm learned that he had transferred title to the property to a third party. Accordingly, the Firm analyzed whether

to amend the complaint against Luan Cong Nguyen to add a defendant or whether to simply file a new action.  The Firm determined that the latter was the most expeditious, so filed a new fraudulent transfer action.  At the time of the transfer, a lis pendens was of record against the property, to the new owner took title subject to the Receiver's claims.

During this Application Period, and after several unsuccessful attempts to personally serve the new defendant, the Firm issued subpoenas to the utility companies in an attempt to locate the owner's whereabouts.  Unfortunately, these efforts proved unsuccessful.  Accordingly, the Firm prepared a motion for authority to serve the defendant by publication.  That motion is outstanding.

### 5. Fee Applications

[$0.00 in fees for 1.90 hours of work]

The Firm incurred time in this category in connection with its fee application for the Tenth Application Period, which was approved by the Court.  As required by the SEC's billing guidelines, the Firm did not charge the estate for the preparation of the fee application.

### B. Summary of Expenses Requested for Reimbursement

The Firm requests that the Court approve reimbursement of $3,882.54 in out-of-pocket costs.  The costs are high relative to the fees because of the cost incurred serving the status report on all investors and creditors.  The itemization of the expenses is summarized below by category.

| Category | Amount |
|---|---|
| Attorney Service for Service of Process | 755.51 |
| Photocopies | 2,471.20 |
| Postage | 625.87 |
| Pacer charges | 5.00 |
| Westlaw Online Research | 24.96 |
| TOTAL | $3,882.54 |

The Firm's invoice for this Application Period is attached as Exhibit "B" and contains the information required by the SEC Receivership Billing Instructions.

## V. THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED

It is a general rule that the fees and expenses of a receivership are a charge against the property administered.  *See Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994).  These expenses include the fees and expenses of the Receiver and of his or her professionals.  Decisions about the timing and amount of an award are committed to the sound discretion of the Court.  *See SEC v. Elliot*, 953 F.2d 15690, 1577 (11th Cir. 1992).

In determining whether to allow fees, courts consider "the time, labor and skill required . . . in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained."  *Coskery v. Roberts & Mander Corp.*, 200 F.2d 150, 154 (3d Cir. 1952).  No single factor is dispositive and a reasonable fee is based on all of the circumstances of the receivership.

The Receiver retained the Firm because the scope of the Receiver Order was broad and it was plain that legal services would be required to locate and account for assets, take action necessary and appropriate to assume control over and preserve receivership assets, and to analyze and pursue other avenues for recovery.

The Firm has submitted a detailed invoice that describes the nature of the services rendered and the identity and billing rate of the professionals performing each task.  The Firm has endeavored to staff this case

appropriately, utilizing a paralegal when possible and having an associate prepare for and attend the majority of the depositions and to review the bulk of the books and records that needed a lawyer to review them.  In addition, the Firm has discounted its standard hourly rates by ten percent.

The services provided by the Firm have been critical to the Receiver's fulfillment of the duties mandated by the Receiver Order.  As set forth in greater detail above, the Receiver and the Firm have worked diligently since the Receiver's appointment to (1) investigate, secure, and protect the assets of the receivership estate, (2) investigate transfers to third parties and potential claims related to those transfers, (3) inform the Court and the parties of the Receiver's activities and progress, (4) make recommendations for the efficient and effective administration of the receivership estate, and (5) efficiently and accurately disseminate information to the investors and respond to their inquiries.

The Firm seeks payment of the fees incurred on an interim basis in recognition of the reality that its work in assisting the Receiver is continuing.

## VI. CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter its order:

1. Allowing $5,095.35 in fees and $3,882.54 in expenses to the Firm on an interim basis for the period from July 1, 2021, through September 30, 2021;

2. Authorizing the Receiver to pay the allowed fees and expenses from available funds; and

3. For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

DATED: November 5, 2021       SMILEY WANG-EKVALL, LLP

By:  */s/ Kyra E. Andrassy*
    KYRA E. ANDRASSY
    Counsel to Robert P. Mosier, Receiver

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2877381.1       12       APPLICATION

## **DECLARATION OF KYRA E. ANDRASSY**

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP, proposed general counsel for Robert P. Mosier, the permanent receiver appointed with respect to Kent R.E. Whitney, David Lee Parrish, The Church for the Healthy Self aka CHS Trust, and CHS Asset Management, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of my firm's eleventh interim fee application (the "Application") for the period from July 1, 2021, through September 30, 2021. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. Attached hereto as Exhibit "A" is the Receiver's Schedule of Cash Receipts and Disbursements for the period from July 1, 2021, through September 30, 2021.

3. In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows: At or near the time the professional services are rendered, attorneys and other professionals of the Firm record (a) the description of the nature of the services performed, (b) the duration of the time expended, and (c) the client/matter name or number by either: (1) writing such information on a time sheet, or (2) inputting such information directly into the Firm's computer billing system. For the professionals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computer billing system. The Firm's

computer billing system keeps a record of all time spent on a client/matter, the professional providing the services and a description of the services rendered.  The Firm's computer billing system automatically multiplies the time expended by each professional by the respective professional's billing rate to calculate the amount of the fee.  The Firm conducts its business in reliance on the accuracy of such business records.

4. I have reviewed the Firm's bill for services rendered in connection with its representation of the Receiver in this case, a true and correct copy of which is attached hereto as Exhibit "B."

5. It is the Firm's usual practice to allocate work and assignments in an efficient manner to achieve an effective result.  As demonstrated in the Application, the practice has been followed in this case.

6. At any time a reimbursable charge is incurred on behalf of a client, such as photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written record of the file number for which the charges were expended and a brief description of the nature of the expense.  These records are also transcribed into the computer which, together with the records of time spent providing professional services, are transcribed onto monthly bills.  The expenses are billed at the Firm's actual cost.

7. The Firm has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the attorneys' fees or expenses awarded to the Firm will be paid to any other entity.

8. I prepared the Application.  To the best of my knowledge, information and belief, the facts set forth in the Application are true and

\\

\\

correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of November, 2021, at Costa Mesa, California.

                                     */s/ Kyra E. Andrassy*
                                     KYRA E. ANDRASSY

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2877381.1

15

APPLICATION