# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:19-cv-499-JVS-KES |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT KENT R.E. WHITNEY [303]** |
| vs. | |
| KENT R.E. WHITNEY, et al., | |
| Defendants, | |
| and | |
| HA T. "KELLY" HOANG, et al., | |
| Relief Defendants. | |

The Securities and Exchange Commission filed a Complaint and Defendant Kent R.E. Whitney ("Defendant"): entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment ("Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)    to employ any device, scheme, or artifice to defraud; or

      (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, on a joint and several basis with CHS Asset Management Inc. and The Church for the Healthy Self a/k/a CHS Trust, for disgorgement of ill-gotten gains in the amount of $10,086,465.95, plus prejudgment interest of $1,828,363.52, for a total of $11,914,829.47. In light of: (1) the Judgment and Probation/Commitment Order entered in the parallel criminal matter, *United States v. Kent R. E. Whitney,* Crim. No. 20-cr-0052-JLS (C.D. Cali.) (the "Criminal Case"), wherein Defendant was sentenced to a 14-year incarceration period and ordered to pay restitution of $22,662,668.58; and (2) the actions of the Court-appointed Receiver in this matter to marshal assets for the benefit of investors, said disgorgement and prejudgment interest obligation is deemed satisfied and no civil penalty will be imposed.

## IV.

3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

The Asset Freeze provisions of the Court's March 14, 2019 Temporary Restraining Order and Orders: (1) Freezing Assets; Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Defendants to Surrender Passports; and (5) Requiring Accountings ("TRO") [Doc. 15], shall terminate only as to Defendant upon the entry of this Judgment.

The Court's March 14, 2019 Order Appointing Receiver [Doc. 16] shall remain in full force and effect pending further order of this Court.

## VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: July 14, 2023

_____
UNITED STATES DISTRICT JUDGE
JAMES V. SELNA