UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KENT R.E. WHITNEY, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>HA T. "KELLY" HOANG, et al.,<br><br>　　　　Relief Defendants. | Case No. 8:19-cv-499-JVS-KES<br><br>AGREED FINAL JUDGMENT AS TO DEFENDANTS THE CHURCH OF THE HEALTHY SELF A/K/A CHS TRUST and CHS ASSET MANAGEMENT INC. [303] |

　　　The Securities and Exchange Commission filed a Complaint, and Defendants The Church of the Healthy Self A/K/A CHS Trust ("CHS") and CHS Asset Management Inc. ("CAM") (together, the "Receivership Entities" or "Defendants"): entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Agreed Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraph V; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  Therefore:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, on a joint and several basis, for disgorgement in the amount of $10,086,465.95, joint and several with Defendant Kent R.E. Whitney, representing ill-gotten gains. Defendants are further liable for prejudgment interest thereon in the amount of $1,828,363.52, for a total of $11,914,829.47. That amount is deemed satisfied by the amount collected by the Court-appointed

3

1  Receiver in this matter.  Payments under this Section shall be made within 14 days
2  following the entry of this Final Judgment to the Receiver appointed in this case,
3  Robert P. Mosier, c/o Smiley Wang-Ekvall, 3200 Park Center Drive, Suite 250,
4  Costa Mesa, CA 92626, and shall become part of the Receivership Assets, defined
5  in this Court's Order Appointing Receiver dated March 13, 2019 [Doc. 16]
6  ("Receivership Order"), to be distributed to victims upon further Order of this
7  Court.

IV.

9       The Asset Freeze provisions of the Court's March 14, 2019 Temporary
10 Restraining Order and Orders: (1) Freezing Assets; Prohibiting the Destruction of
11 Documents; (3) Granting Expedited Discovery; (4) Requiring Defendants to
12 Surrender Passports; and (5) Requiring Accountings ("Asset Freeze") [Doc. 15, ¶
13 IV], shall terminate only as to Defendant upon the entry of this Judgment.
14      The Court's September 12, 2019 Amended Order Appointing Receiver
15 [Doc. 85] shall remain in full force and effect pending further order of this Court.

V.

17      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely
18 for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy
19 Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by
20 Defendants, and further, any debt for disgorgement, prejudgment interest, or other
21 amounts due by Defendants under this Final Judgment or any other judgment,
22 order, consent order, decree or settlement agreement entered in connection with
23 this proceeding, is a debt for the violation by Defendants of the federal securities
24 laws or any regulation or order issued under such laws, as set forth in Section
25 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 14, 2023

_____
UNITED STATES DISTRICT JUDGE
JAMES V. SELNA