UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>KENT R.E. WHITNEY, et al.,<br><br>            Defendants,<br><br>and<br><br>HA T. "KELLY" HOANG, et al.,<br><br>            Relief Defendants. | Case No. 8:19-cv-499-JVS-KES<br><br>**AGREED FINAL JUDGMENT AS TO DEFENDANT LUKE HO**<br>[303] |

The Securities and Exchange Commission filed a Complaint and Defendant Luke Ho ("Defendant"): entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell

or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $384,498.38, representing net profits gained as a result of the conduct alleged in the Complaint, all but $82,231.37 of which is deemed satisfied by the restitution ordered in a parallel criminal case styled *United States v. Luke Ho,* Case 8:21-cr-118-DMG (C.D. Cali.) (the "Criminal Case"), together with prejudgment interest of $15,380.27 thereon, for a total of $97,611.65. In light of the judgment entered in the Criminal Case, no civil penalty will be imposed. Defendant shall satisfy this obligation by paying $97,611.65 as described in this Section.

Payments made under this Section shall be made within 14 days following the entry of this Final Judgment to the Receiver appointed in this case, Robert P. Mosier, c/o Smiley Wang-Ekvall, 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626, and shall become part of the Receivership Assets, defined in this Court's Order Appointing Receiver dated September 12, 2019 [Doc. 86] ("Receivership Order"), to be distributed to victims upon further Order of this Court.

After the receivership is closed, Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur

1  Boulevard, Oklahoma City, OK 73169, and shall be accompanied by a letter
2  identifying the case title, civil action number, and name of this Court; Defendant's
3  name as defendant in this action; and specifying that payment is made pursuant to
4  this Final Judgment.
5       Defendant shall simultaneously transmit photocopies of evidence of
6  payment and case identifying information to the Commission's counsel in this
7  action.  By making this payment, Defendant relinquishes all legal and equitable
8  right, title, and interest in such funds and no part of the funds shall be returned to
9  Defendant.
10      The Commission shall hold the funds (collectively, the "Fund") until further
11 order of this Court.  The SEC may propose a plan to distribute the Fund subject to
12 the Court's approval, and the Court shall retain jurisdiction over the administration
13 of any distribution of the Fund.
14      The Commission may enforce the Court's judgment for disgorgement and
15 prejudgment interest by using all collection procedures authorized by law,
16 including, but not limited to, moving for civil contempt at any time after 30 days
17 following entry of this Final Judgment.  Defendant shall pay post judgment interest
18 on any amounts due after 30 days of entry of this Final Judgment pursuant to 28
19 U.S.C. § 1961.

20                             VI.
21     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
22 Consent is incorporated herein with the same force and effect as if fully set forth
23 herein, and that Defendant shall comply with all of the undertakings and
24 agreements set forth therein.

25                             VII.
26     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely
27 for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy
28

Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

IT IS FURTHER ORDERED that all relief not granted expressly herein is DENIED.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: July 14, 2023

_____
UNITED STATES DISTRICT JUDGE
JAMES V. SELNA